1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LANCE SNEAD,

11             Plaintiff,              No. CIV S-12-0293 MCE DAD PS
          v.
12
     AURORA LOAN                       FINDINGS AND RECOMMENDATIONS
13   SERVICES, LLC, et al.,

14             Defendants.

15   _____/

16         This matter came before the court on May 4, 2012, for hearing of defendants'

17   motion to dismiss pro se plaintiff Lance Snead's complaint.[1]   Attorney Tanya McCullah appeared

18   telephonically for defendants Aurora Loan Services, LLC ("Aurora") and Mortgage Electronic

19   Registration Systems, Inc. ("MERS").   No appearance was made by or on behalf of plaintiff nor

20   did plaintiff file a timely written opposition to defendants' motion.[2]   In light of plaintiff's non-

21   appearance at the hearing, on May 7, 2012, the court issued an order requiring plaintiff to show

22   cause why sanctions, including dismissal of this action, should not be imposed due to his failure

23   _____

24         [1] Defendants filed the motion to dismiss on February 10, 2012.  (MTD (Doc. No. 6.))

25         [2] On April 18, 2012, plaintiff attempted to file an unauthorized proposed amended
     complaint.  (Doc. No. 10.)  On April 24, 2012, the undersigned ordered the Clerk of the Court to
26   strike that filing as failing to comply with Rule 15 of the Federal Rules of Civil Procedure.

                                        1

1    to file opposition to the motion or to appear at the hearing thereon.  (Doc. No. 13.)  Following the

2    hearing and the issuance of the order to show cause, on May 29, 2012, plaintiff filed an untimely

3    opposition to defendants' motion.  (Pl.'s Opp.'n (Doc. No. 14.))[3]  Thereafter, defendants' filed a

4    reply.  (Doc. No. 16.)

5                                                    BACKGROUND

6              Plaintiff's complaint alleges as follows.  In the summer of 2007, plaintiff executed

7    a Deed of Trust to obtain a loan in the amount of $403,500 to purchase real property located at

8    527 Picolit Court, in Fairfield, CA.  (Compl. (Doc. No. 1-1) at 8, 25-28.[4])  Sometime thereafter

9    "Defendants made subsequent transfers [and] assignments of the subject loan . . ."  (Id. at 8.)  On

10   or about September 7, 2010, a Notice of Default was recorded.[5]  (Id.)  In February of 2011, and

11   August of 2011, Notices of Trustee Sale were recorded.[6]  (Id. at 10.)

12             On November 2, 2011, plaintiff filed a complaint in the Solano County Superior

13   Court against defendants Aurora, Cal-Western Reconveyance, American Brokers Conduit and

14   MERS, alleging causes of action for wrongful foreclosure, fraud, declaratory relief, quiet title,

15   accounting, violation of California Business and Professions Code § 17200, et seq., unjust

16   enrichment and injunctive relief.  (Id. at 3.)  On February 3, 2012, defendants Aurora and MERS

17   _____

18             [3]  Local Rule 230(c) provides that "no party will be entitled to be heard in opposition to a
     motion at oral arguments if opposition has not been timely filed by that party."  Moreover, Local
19   Rule 230(i) provides that "failure to appear may be deemed withdrawal of . . . opposition to the
     motion . . . ."  In this regard, plaintiff's failure to file timely opposition to, or appear at the
20   hearing of, defendants' motion to dismiss could be deemed a waiver of opposition to the granting
     of the motion.  However, in light of plaintiff's pro se status, the undersigned has reviewed the
21   merits of defendants' motion and has considered plaintiff's untimely May 29, 2012 opposition
     filed in response to the Order to Show Cause issued by the undersigned on May 7, 2012.
22
              [4]  Page number citations such as this one are to the page number reflected on the court's
23   CM/ECF system and not to page numbers assigned by the parties.

24             [5]  According to defendants plaintiff stopped making payments on his mortgage loan on
     January 1, 2010.  (MTD (Doc. No. 6) at 12.)
25
              [6]  According to defendants, the foreclosure sale of plaintiff's home has yet to occur.
26   (MTD (Doc. No. 6) at 12.)

1  removed the action to this court on the basis of diversity jurisdiction.[7]  (Removal Notice (Doc.

2  No. 1) at 3.)

3                                    STANDARD

4          The purpose of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules

5  of Civil Procedure is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp.

6  Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a

7  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

8  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to

9  allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v.

10  Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads

11  factual content that allows the court to draw the reasonable inference that the defendant is liable

12  for the misconduct alleged."  Ashcroft v. Iqbal,  556 U.S. 662,___, 129 S. Ct. 1937, 1949 (2009).

13          In determining whether a complaint states a claim on which relief may be granted,

14  the court accepts as true the allegations in the complaint and construes the allegations in the light

15  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

16  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

17  stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

18  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

19  form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

20  Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than

21  an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 129 S. Ct. at 1949.  A

22  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

23  elements of a cause of action."  Twombly, 550 U.S. at 555.  See also Iqbal, 129 S. Ct. at 1950

24  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

25

26          [7]  Although plaintiff's complaint was filed in state court on November 2, 2011, it appears
    that defendants were not served with the complaint until January 5, 2012.  (Doc. No. 1-2 at 4.)

1    statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

2    facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

3    not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

4    459 U.S. 519, 526 (1983).

5              In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is

6    permitted to consider material which is properly submitted as part of the complaint, documents

7    that are not physically attached to the complaint if their authenticity is not contested and the

8    plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los

9    Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

10                                           ANALYSIS

11   I.  Judicial Estoppel

12             Defendants argue that plaintiff's complaint must be dismissed, in part, because

13   plaintiff is judicially estopped from prosecuting this action as a result of his failure to disclose the

14   claims asserted herein during his bankruptcy proceedings.  (MTD (Doc. No. 6.) at 13.)

15   Specifically, defendants allege that on September 23, 2010, plaintiff filed a Chapter 7 bankruptcy

16   petition in the U.S. Bankruptcy Court for the Eastern District of California and that a discharge

17   order was entered by that court on January 10, 2011.  (Id. at 12.)  Defendants contend that

18   plaintiff failed to disclose his claims asserted in this action during those bankruptcy proceedings.

19   (Id. at 14.)

20             In his untimely opposition, plaintiff does not dispute defendants' argument with

21   respect to this issue.  Rather, plaintiff states simply that:

22             Although Plaintiff filed for bankruptcy and the subject loan may
             have been part of the bankruptcy estate at one point, however,
23             Plaintiff believes that this does not deprive Plaintiff of his legal
             interest on the subject property, whereby Plaintiff was not able to
24             disclose the bankruptcy to this Court as Plaintiff not (sic) deem
             necessary.
25

26   (Pl.'s Opp.'n (Doc. No. 14) at 3.)  Plaintiff reiterates that statement in his sworn declaration

                                                   4

1   submitted with his untimely opposition:

2           That although I filed bankruptcy that I was not able to disclose to
        this court, however, I still maintained legal interest on the subject
3       property at 572 Picolit Court, Fairfield California, even during the
        bankruptcy proceedings, and that I believe that the disclosure
4       thereof as as (sic) not necessary.

5   (Snead Decl. (Doc. No. 14) at 27.)

6           "Judicial estoppel is an equitable doctrine that precludes a party from gaining an

7   advantage by asserting one position, and then later seeking an advantage by taking a clearly

8   inconsistent position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir.

9   2001).  In determining whether to apply the doctrine of judicial estoppel, the district court may

10  consider whether a party's later position is clearly inconsistent with its earlier position; whether

11  the court in the earlier lawsuit accepted the party's initial position; and whether the party seeking

12  to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment

13  on the opposing party if not estopped.  (Id. at 782-83.)

14          "[A] debtor who fail[s] to disclose a pending claim as an asset in a bankruptcy

15  proceeding where debts were permanently discharged [is] estopped from pursuing such claim in

16  a subsequent proceeding." (Id. at 784.)  See also Cannon-Stokes v. Potter, 453 F.3d 446, 448

17  (7th Cir. 2006) ("All six appellate courts that have considered this question hold that a debtor in

18  bankruptcy who denies owning an asset, including a chose in action or other legal claim, cannot

19  realize on that concealed asset after the bankruptcy ends.").  Further "[t]he debtor's duty to

20  disclose potential claims as assets does not end when the debtor files schedules, but instead

21  continues for the duration of the bankruptcy proceeding." Hamilton, 270 F.3d at 785.  See also

22  HPG Corp. v. Aurora Loan Services, LLC, 436 B.R. 569, 577 (E.D. Cal. 2010) ("[T]he

23  Bankruptcy Code subjects debtors to a continuing duty to disclose all pending and potential

24  claims.").  "If [the debtor] fail[s] to properly schedule an asset, including a cause of action, that

25  asset continues to belong to the bankruptcy estate and does not revert to [the debtor]." Cusano v.

26  Klein, 264 F.3d 936, 945-46 (9th Cir. 2001) (citing Vreugdenhill v. Navistar Int'l Transp. Corp.,

5

1  950 F.2d 524, 526 (8th Cir. 1991) (property is not abandoned by operation of law unless the

2  debtor "formally schedule[s] the property before the close of the case")).  "The duty to disclose

3  prevents the plaintiff from proceeding on a cause of action which is the property of the

4  bankruptcy estate."  HPG Corp., 436 B.R. at 577.

5        "Judicial estoppel will be imposed when the debtor has knowledge of enough

6  facts to know that a potential cause of action exists during the pendency of the bankruptcy, but

7  fails to amend his schedules or disclosure statements to identify the cause of action as a

8  contingent asset."  Hamilton, 270 F.3d at 784.  "[T]he duty of the bankruptcy petitioner to

9  disclose the existence of a potential claim is not a formalistic duty predicated on the procedural

10  status of a claim, but is a duty of candor that accrues from the time the facts that give rise to the

11  potential claim are known."  Rose v. Beverly Health and Rehabilitation Services, Inc., 356 B.R.

12  18, 25 (E.D. Cal. 2006).  See also Cannata v. Wyndham Worldwide Corp., 798 F. Supp.2d 1165,

13  1173 (D. Nev. 2011) ("Debtors have a continuing duty during bankruptcy proceedings to amend

14  their schedules and add potential claims as assets."); Monroe County Oil Co., Inc. v. Amoco Oil

15  Co., 75 B.R. 158, 162 (S.D. Ind. 1987) ("Among other things, the debtor must disclose any

16  litigation likely to arise in a nonbankruptcy context."); cf. In re Brown, 363 B.R. 591, 605

17  (Bkrtcy. D. Mont. 2007) ("Moreover, the accrued cause of action is property of the estate even if

18  the debtors were unaware of the claim when they filed for bankruptcy protection.").

19        Here, the undersigned takes judicial notice of In re Lance Vincent Snead,

20  Bankruptcy Case No. 10-45345 (E.D. Cal. 2010), a bankruptcy case in which plaintiff filed a

21  Chapter 7 bankruptcy petition on September 23, 2010, and in which a discharge order was

22  entered on January 10, 2011.[2]  In the course of those bankruptcy proceedings plaintiff did not

23

24        [2]  Defendants have filed a request for judicial notice of the bankruptcy petition filed in
    that case.  (RJN, Ex. C (Doc. No. 7-1) at 29-80.)  A court may take judicial notice of its own files
25  and documents filed in other courts.  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741,
    746 n.6 (9th Cir. 2006); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d
26  1360, 1364 (9th Cir. 1998); Hott v. City of San Jose, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000).

1   disclose as potential assets any of the claims asserted in the complaint filed in this action.  (RJN,

2   Ex. C (Doc. No. 7-1) at 29-80.)   Moreover, after reviewing the allegations found in the

3   complaint, it is apparent that plaintiff had knowledge of sufficient facts prior to the discharge

4   order in his bankruptcy proceeding to know that there existed potential causes of action that

5   should have been disclosed as assets.

6          Plaintiff's complaint alleges that his original lender was defendant American

7   Brokers Conduit, who "made subsequent transfers" and "assignments of the subject loan . . ."

8   (Compl. (Doc. No. 1-1) at 8.)  On or about September 7, 2010, a Notice of Default was recorded

9   by "Aurora Loan Services LLC, c/o Cal-Western Reconveyance Corporation."[3]  (Id.)  Plaintiff's

10  complaint alleges that:

11          Inasmuch as CAL-WESTERN RECONVEYANCE was not the
            proper trustee then during the Notice of Default . . . and inasmuch
12          as the AURORA LOAN SERVICES LLC could not be the
            lender/assignee after a post assignment and recordation after the
13          Notice of Default, therefore, all foreclosure documents would
            likewise be rendered void as not in compliance with California
14          Civil Code 2924 foreclosure laws, among others.

15  (Id. at 9.)

16          In this regard, plaintiff's complaint characterizes the Notice of Default recorded

17  on September 7, 2010, prior to plaintiff's filing of his bankruptcy petition, as the beginning of

18  defendants' wrongful acts, alleging that "[t]he illegal foreclosure activity by Defendants started

19  . . . when a Notice of Default was recorded" on September 7, 2010, and that the defendants were

20  thereafter "acting through the recorded yet defective Notice of Default . . ."  (Id. at 9, 17.)

21  Moreover, plaintiff's complaint alleges that the later recorded Notices of Trustee sale are "void

22  and of no legal effect" because they arise "from [a] defective Notice of Default . . ."  (Id. at 10.)

23  The complaint also alleges that the defendants acted fraudulently by "obfuscating or

24

─────────────────────

25          [3]  Pursuant to California law, "[t]he foreclosure process is commenced by the recording of
        a Notice of Default and Election to Sell by the trustee."  Moeller v. Lien, 25 Cal. App.4th 822,
26      830 (1994).

7

1   misrepresenting the later steep monthly payments and rate increases" associated with plaintiff's

2   mortgage loan, and that there is a dispute "regarding [the parties'] respective rights and duties

3   concerning the terms of the subject loan . . ."[4]  (Id. at 14-15.)

4          Based on these allegations, it is clear that plaintiff had knowledge of enough facts

5   prior to the discharge order entered in his bankruptcy on January 10, 2011, to know that the

6   causes of action alleged in this action should have been disclosed as assets during those

7   bankruptcy proceedings.  Plaintiff had a continuing duty to disclose the potential claims alleged

8   in this action as potential assets during the bankruptcy proceedings and failed to do so.  "That

9   shortcoming is clearly inconsistent with the instant lawsuit, where [p]laintiff asserts claims not

10  properly disclosed in his bankruptcy proceedings."  Arruda v. C & H Sugar Co., Inc., No. 2:06-

11  cv-2308-MCE-EFB, 2007 WL 754627, at *4 (E.D. Cal. Mar. 8, 2007).  Moreover, the

12  bankruptcy court accepted plaintiff's initial position.  See Cannata v. Wyndham Worldwide

13  Corp., 798 F. Supp.2d 1165, 1171 (D. Nev. 2011) ("Judicial acceptance may be shown by

14  confirmation of a debtor's reorganization plan."); Arruda, 2007 WL 754627, at *4 ("The fact that

15  Plaintiff was granted a no-asset discharge by the bankruptcy court suggests that the court was

16  unaware of the potential value of Plaintiff's claim and accepted his representations (or lack

17  thereof) in that regard.").  Finally, the undersigned finds that if plaintiff were permitted to

18  maintain this action, he would have unfairly received the benefit of debt relief from the

19  bankruptcy court at the expense of his creditors who were unaware of plaintiff's potential claims

20  that he has asserted in this action.

21  /////

22  /////

23  /////

24  _____

25  [4]  Although plaintiff's complaint do not set forth any dates in connection with the
    allegations concerning plaintiff's monthly payments, the alleged rate increases and the terms of
    the subject loan, there is absolutely no reason to believe that plaintiff would not have been aware
26  of the facts concerning these issues prior to conclusion of his bankruptcy proceedings.

1    Accordingly, defendants' motion to dismiss should be granted on the ground that

2  plaintiff is judicially estopped from prosecuting this action.[5]  See Hay v. First Interstate Bank of

3  Kalispell, N.A., 978 F.2d 555, 557 (9th Cir. 1992) ("We recognize that all facts were not known

4  to Desert Mountain at that time, but enough was known to require notification of the existence of

5  the asset to the bankruptcy court."); Kaufman v. Capital Quest, Inc., No. C-11-1301 JCS, 2011

6  WL 5864159, at *18 (N.D. Cal. Nov. 22, 2011) ("Because he failed to disclose the claims with

7  his Chapter 7 bankruptcy, his claims are barred."); Shokohi v. JP Morgan Chase Bank, No. C 11-

8  4947 MMC, 2011 WL 5412933, at *2-3 (N.D. Cal. Nov. 8, 2011) (applying judicial estoppel

9  where plaintiff was aware of factual, if not legal, basis of claim); Vang Chanthavong v. Aurora

10 Loan Services, Inc., 448 B.R. 789, 798 (E.D. Cal. 2011) ("Therefore, any claim that accrued prior

11 to the close of Plaintiff's bankruptcy case remains in the bankruptcy estate."); HPG Corp., 436

12 B.R. at 578 ("The application of judicial estoppel in this case is necessary to protect the integrity

13 of the bankruptcy process."); Flores v. GMAC Mortg., No. 2:09-cv-1216-GEB-GGH, 2010 WL

14 582115 (E.D. Cal. Feb. 11, 2010) (estopping plaintiff from bringing a TILA claim because the

15 claim was not disclosed in the plaintiff's bankruptcy schedules); Balthrope v. Garcia-Mitchell,

16 No. 2:09-cv-1013 FCD JFM PS, 2010 WL 430840 (E.D. Cal. Feb. 1, 2010) (applying judicial

17 estoppel to preclude an action by a debtor who had failed to disclose the claim in his bankruptcy

18 proceedings); Arruda, 2007 WL 754627, at *7 (granting motion to dismiss due to plaintiff's

19 "failure to properly inform the bankruptcy court of the claims now asserted in this action.").

20                                          LEAVE TO AMEND

21    The court has carefully considered whether plaintiff may amend his complaint to

22 state a cognizable claim upon which relief could be granted.  "Valid reasons for denying leave to

23 amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

24 Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake

25

26        [5]  In light of this recommendation, the undersigned need not address defendants'
   persuasive alternative arguments in support of dismissal of plaintiff's complaint.

Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the deficiency noted above, the undersigned finds that it would be futile to grant plaintiff leave to amend his complaint.[6]  Accordingly, the undersigned will recommend that this action be dismissed with prejudice.

CONCLUSION

For the reasons stated above, IT IS HEREBY RECOMMENDED that:

1.  Defendants' February 10, 2012 motion to dismiss (Doc. No. 6) be granted;

2.  Plaintiff's November 2, 2011 complaint be dismissed with prejudice; and

3.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 27, 2012.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\snead0293.mtd.f&rs

---

[6]  In reaching this conclusion, although plaintiff's April 18, 2012 proposed amended complaint was stricken due to plaintiff's failure to comply with Rule 15 of the Federal Rules of Civil Procedure, the undersigned has nonetheless reviewed that proposed amended complaint and finds that it would fail to correct the fatal deficiency noted above.